UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH,

    Plaintiff,

v.

CITY OF PLACERVILLE, *et al.*,

    Defendants.

Case No. 2:24-cv-2454-DAD-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff brings this action against defendants City of Placerville, Samuel Emerson, and Mark Adams. I recommend that this action be dismissed for failure to state a claim. I will grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. § 1915(a).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's one-page complaint alleges that defendant Emerson took plaintiff's personal property without providing notice of compensation.  ECF No. 1.  Plaintiff claims that defendants knew he was the owner of certain personal property that was located in the City of Placerville.  *Id.*  He further alleges that defendants only "prosecute minorities . . . for this, [which] is discrimination."  *Id.*  Lastly, he alleges that the City of Placerville has adopted unconstitutional practices that are contrary to public policies.  *Id.*

These allegations are too vague and conclusory to provide defendants adequate notice of the factual basis of plaintiff's claims.  Plaintiff does not identify the specific claim or claims he is attempting to assert, and he does not specifically explain how each defendant's actions harmed him.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must

1  allege with at least some degree of particularity overt acts which defendants engaged in that
2  support the plaintiff's claim.") (quotations omitted).  Accordingly, plaintiff's complaint must be
3  dismissed for failure to state a claim.
4      Granting plaintiff leave to amend would be futile.  Plaintiff has filed numerous complaints
5  in this district—each relying on similarly vague and conclusory allegations—that have been
6  dismissed either for failure to state a claim or lack of subject matter jurisdiction.  *See, e.g.*, *Singh*
7  *v. City of Placerville*, 2:23-cv-0054-DAD-KJN (E.D. Cal. 2023) (dismissing complaint brought
8  against defendants City of Placerville, Samuel Emerson, and Mark Adams for failure to state a
9  claim); *Singh v. City of Elk Grove*, 2:23-cv-0052-DAD-CKD (E.D. Cal. 2023); *Singh v. City of*
10 *Elk Grove*, 2:23-cv-0057-TLN-CKD (E.D. Cal. 2023); *Singh v. Internal Revenue Service*, 2:23-
11 cv-0053 (E.D. Cal. 2023); *Singh v. Fernandes*, 2:15-cv-2663-MCE-CKD (E.D. Cal. 2015).  Here,
12 the complaint should be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122,
13 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant
14 leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to
15 amend if a complaint lacks merit entirely.").
16     Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma*
17 *pauperis*, ECF No. 2, is granted.
18     Further, it is RECOMMENDED that:
19     1.  Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for failure to
20 state a claim; and
21     2.  The Clerk of Court be directed to close this case.
22     These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
24 service of these findings and recommendations, any party may file written objections with the
25 court and serve a copy on all parties.  Any such document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
27 within fourteen days of service of the objections.  The parties are advised that failure to file
28 objections within the specified time may waive the right to appeal the District Court's order.  *See*

Case 2:24-cv-02454-DAD-JDP   Document 3   Filed 01/28/25   Page 4 of 4

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 27, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE